United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40610
c/w No. 06-40641
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ERWIN EURE DEAL

Defendant - Appellant

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1093-ALL
USDC No. 5:05-CR-2536-ALL
--------------------

Before KING, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:*

Erwin Eure Deal appeals the sentences imposed following his guilty plea conviction for transportation of aliens for private financial gain and his supervised release revocation on another conviction for transportation of aliens for private financial gain. Although Deal concedes that his sentences are to be reviewed for reasonableness under this court's precedent, Deal also asserts that the presumption of reasonableness standard is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional. There is no need in this case to rely on a presumption of reasonableness, and we explicitly do not.

We turn to Deal's challenges to the reasonableness of his sentences. Specifically, Deal argues that his consecutive sentences of 33 months and 10 months of imprisonment, which are within the applicable advisory sentencing guideline ranges, are unreasonable under 18 U.S.C. § 3553(a) because the district court failed to give the mitigating factors proper consideration. The record belies this argument. The district court listened to the argument of Deal's counsel urging the court to take into consideration in fashioning Deal's sentence his military service, his lack of criminal history (with the exception of the prior transporting conviction), and his drug use which allegedly led him to commit the second transporting offense. The court expressed concern that an educated man with a military background and an important trucking job would turn to being a felon. The court was also "deeply troubled" by the fact that Deal had committed the alien transporting offense while on supervised release for the same offense. The court noted that Deal had received a "relatively lenient sentence" – eight months – on the prior transporting case. The court described itself as "motivated by those concerns" when it imposed sentence. To argue that the district court did not consider the mitigating factors proffered by Deal or the § 3553(a) factors generally in fashioning the sentence assessed is simply not consistent with

the record.

Deal has not shown that the 33 month sentence was unreasonable.  See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).  Deal's consecutive 10 month sentence on the revocation of supervised release is neither unreasonable nor plainly unreasonable.  See United States v. Hinson, 429 F.3d 114, 119-20 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).  Accordingly, the judgments of the district court are AFFIRMED.